JOURNAL ENTRY AND OPINION
¶ 1 Defendant-appellant Andre Hogan (defendant) appeals the trial court's imposition of a maximum sentence for his conviction following a plea for attempted felonious assault, a third degree felony, with one firearm specification, arguing that because he had never served a prison term, the court should have imposed the minimum sentence pursuant to R.C. 2929.14(B).
¶ 2 Defendant purchased a telephone from his long-time friend, the victim. After giving the victim $15 of the $25 purchase price, defendant took the phone home to make sure it worked. When he discovered that it did not work, he called the victim to tell him he wanted his $15 back. Three weeks went by before the victim approached defendant at his place of work concerning the phone. The versions of the rest of the events differ: the victim states that he was in his van, offering defendant his money back when defendant shot him four times, in the foot, the thigh, the stomach and, aiming for the heart, in the elbow which the victim raised to successfully deflect the bullet.
¶ 3 Defendant claims that the victim drove up to him when he was emptying trash in the dumpster where he works. Defendant states that when he approached the victim's van, he saw that the victim was high on drugs and alcohol, saw a gun on the seat next to the victim, and wrestled it from him. In the process, he claims, the gun went off, causing the victim's injuries. He states that he then threw the gun back into the van, although the weapon has never been found. At the time of the shooting, defendant was on community control for a domestic violence offense.
¶ 4 After hearing from the victim, defendant, defendant's counsel, and the prosecutor, the trial court sentenced defendant to the maximum sentence of five years, with the three-year firearm specification to run consecutively. Defendant timely appealed.
¶ 5 Defendant states two assignments of error. The first assignment of error states:
 ¶ 6 I. APPELLANT WAS DEPRIVED OF HIS LIBERTY WITHOUT DUE PROCESS OF LAW BY HIS MAXIMUM SENTENCE, AS SAID SENTENCE DOES NOT COMPORT WITH OHIO'S SENTENCING STRUCTURE.
¶ 7 Defendant argues that the court failed to make the necessary findings on the record to substantiate its imposition of the maximum sentence. In order to impose the maximum sentence, the court must make the findings required in R.C. 2929.14(C), which states in pertinent part that,
 ¶ 8 the court imposing a sentence upon an offender for a felony may impose the longest prison term authorized for the offense pursuant to division (A) of this section only upon offenders who committed the worst forms of the offense, upon offenders who pose the greatest likelihood of committing future crimes, upon certain major drug offenders under division (D)(3) of this section, and upon certain repeat violent offenders in accordance with division (D)(2) of this section.
¶ 9 Further, when a court makes the required findings listed in R.C. 2929.14(C), it must also give its reasons for those findings, as stated in R.C. 2929.19(B)(2)(d):
 ¶ 10 (2) The court shall impose a sentence and shall make a finding that gives its reasons for selecting the sentence imposed in any of the following circumstances:
* * *
 ¶ 11 (d) If the sentence is for one offense and it imposes a prison term for the offense that is the maximum prison term allowed for that offense by division (A) of section 2929.14 of the Revised Code, its reasons for imposing the maximum prison term * * *.
When imposing the maximum sentence in this case, therefore, the court first needed to make a finding either that the offender committed the worst form of the offense or[1] that he poses the greatest likelihood of committing future offenses. Then the court needed to give its reasons for the findings.
¶ 12 At the sentencing hearing, the court found that defendant had "repeated the worst form of this attempted felonious assault." Tr. at 25. The court went on to give its reasons for this finding, stating that defendant had "threatened and acted in a way to kill someone by shooting a gun. It appears to me only by accident that the victim didn't die by diverting the gunshot wound to the elbow. It could have very likely have [sic] killed him." Id. 
¶ 13 The court also found that defendant posed "the greatest likelihood of committing a future offense of this type." Id. Defendant had been convicted of domestic violence in 1992 and attempted felonious assault in 1998. Tr. at 24. The court explained that defendant's "record is building and not diminishing in the area of violence." Tr. at 25. The court had previously noted that defendant failed to benefit from the anger management program imposed on him after his domestic violence conviction. It also pointed out that defendant's pattern of violent activity was escalating — now with the use of a firearm. The court especially emphasized that defendant was meeting "daily problems and aggravations" with disproportionately increasing levels of violence. Tr. at 23.
¶ 14 The court clearly gave its findings and its reasons for not just one but two of the alternative findings required in the statute. Because the trial court made the appropriate findings and gave its reasons for those findings, it did not err in its imposition of the maximum sentence. The first assignment of error is overruled.
¶ 15 For his second assignment of error, defendant states:
 ¶ 16 II. THE TRIAL COURT ERRED WHEN IT IMPOSED MORE THAN THE MINIMUM TERMS OF IMPRISONMENT ON APPELLANT, WHO HAD NOT PREVIOUSLY SERVED A PRISON TERM, WITHOUT MAKING THE REQUISITE FINDINGS REQUIRED BY R.C. 2929.14.
¶ 17 Defendant states that the court failed to state specifically that it had considered the minimum sentence before imposing the sentence, as required by R.C. 2929.14(B), which states in pertinent part:
 ¶ 18 * * * if the court imposing a sentence upon an offender for a felony elects or is required to impose a prison term on the offender and if the offender previously has not served a prison term, the court shall impose the shortest prison term authorized for the offense pursuant to division (A) of this section, unless the court finds on the record that the shortest prison term will demean the seriousness of the offender's conduct or will not adequately protect the public from future crime by the offender or others. (Emphasis added.)
¶ 19 The court did note that defendant had never been sentenced to prison before. It then stated that,
 ¶ 20 the Court feels that because of the nature of this offense, the fact that [defendant has] confronted a situation about a cell phone with a firearm, a loaded firearm, that anything less than the five years would demean the seriousness of this offense, nor does anything less than this adequately protect the public.
Thus the court did specifically make the findings required after it noted that defendant had not served a previous prison term. It did not, however, actually state that it had considered the minimum sentence and decided against it when it determined his sentence. Rather, it stated that because of its findings, it could not impose anything less than the maximum sentence.
 ¶ 21 The court specifically found that the offense in the case at bar was extremely serious because the victim was harmed so badly, and the court noted that were it not for the victim's defensive actions he could have been killed. Moreover, the defendant's actions were excessively disproportionate to what triggered them: the assault was over a $25 telephone. The court further found that defendant has exhibited a disturbing pattern of escalating violence, necessitating his removal from society to protect the public from additional violence by defendant. Thus the court made findings consistent with both statutorily sanctioned reasons for excluding the minimum. Although the court did not send up a flag that it was giving reasons for excluding the minimum, that purpose is obvious because the court's reasons closely track the statutory language of R.C. 2929.14(B).
¶ 22 Defendant argues, however, that,
 ¶ 23 [m]inimum sentences are the starting point in the trial court's analysis for offenders who have not previously served a prison term. The trial court did not begin its analysis by showing why a minimum sentence could not be effective, but immediately set out to support its maximum sentence.
¶ 24 We do not require that the court's findings be made in a specific magical order. As long as the findings are supported by the record and the findings reflect that the court considered and dismissed the possibility of imposing the minimum sentence, we will not reverse the sentence just because the court announced its decision before stating its findings. See State v. Haamid (June 28, 2001), Cuyahoga App. Nos. 78220 
78221, unreported, 2001 Ohio App. LEXIS 2876.
¶ 25 Therefore, despite the fact that the trial court did not specifically reference the minimum sentence, we find that it considered the appropriate factors and made the necessary findings on the record to justify its imposition of a sentence longer than the minimum as required by R.C. 2929.14(B).
¶ 26 Judgment affirmed.
¶ 27 It is ordered that appellee recover of appellant its costs herein taxed.
¶ 28 The court finds there were reasonable grounds for this appeal.
¶ 29 It is ordered that a special mandate issue out of this court directing the Common Pleas Court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.
¶ 30 A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, P.J., and COLLEEN CONWAY COONEY, J., CONCUR.
[1] This court has previously held that the four types of offenders listed in R.C. 2929.14(C) are to be read disjunctively as alternatives.